DEBORAH CONNOR, Acting Chief
Asset Forfeiture and Money Laundering Section (AFMLS)
MARY BUTLER
Chief, International Unit
WOO S. LEE
Deputy Chief, International Unit
KYLE R. FREENY
Trial Attorney
Criminal Division
United States Department of Justice
    1400 New York Avenue, N.W., 10th Floor
    Washington, D.C. 20530
    Telephone: (202) 514-1263
    Email:  Woo.Lee@usdoj.gov

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
CHRISTEN A. SPROULE (CBN: 310120)
Assistant United States Attorneys
Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-3391/(213) 894-4493
    Facsimile: (213) 894-7177
    Email: John.Kucera@usdoj.gov
           Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 16-05366-DSF(PLAx) |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | |
| ONE PEN AND INK DRAWING BY VINCENT VAN GOGH, ETC., ET AL., | |
| Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, counsel for plaintiff United States of America and claimant Davide Nahmad ("claimant") by their undersigned counsel, submit this Joint Report of Parties' Planning Meeting.

A. STATEMENT OF THE CASE

*Government's Contentions*

This civil forfeiture action was commenced on July 20, 2016. The government alleges that the Defendant Assets are properties that constitute, and are derived from, proceeds traceable to one or more violations of: (i) a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); (ii) fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); (iii) wire fraud (18 U.S.C. §  1343); and/or (iv) international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), each of which is a specified unlawful activity under 18 U.S.C. §§ 1956(c)(7)(A), 1956(c)(7)(B)(iv) and 1956(c)(7)(D), and a conspiracy to commit such offenses. Claimant denies that the asset is subject to forfeiture. The government further alleges that the Defendant Assets were involved in and traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activities, that is: (i) a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); (ii) fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); (iii)

wire fraud (18 U.S.C. § 1343); and/or (iv) international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315) in violation of section 18 U.S.C. § 1957 and a conspiracy to commit such offenses in violation of section 18 U.S.C. § 1956(h).

The government further alleges that the Defendant Assets were involved in and are traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions involving the proceeds of specified unlawful activity, that is: (i) a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); (ii) fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); (iii) wire fraud (18 U.S.C. § 1343); and/or (iv) international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), and were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activities in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

The government further alleges Defendant Assets were involved in, and are traceable to property involved in, one or more transactions or attempted transactions in violation of section 18 U.S.C. § 1956(a)(2)(B) and a conspiracy to commit such offenses in violation of section 18 U.S.C. § 1956(h).  Specifically, the Defendant Assets were involved in and are traceable to funds that were and were attempted to be, transported, transmitted, or transferred, and a conspiracy to transport, transmit, or transfer, to

a place in the United States from or through a place outside the United States, with the knowledge that the funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowledge that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activities, that is: (i) a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); (ii) fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); (iii) wire fraud (18 U.S.C. § 1343); and/or (iv) international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315).

*Claimant's Contentions*

Claimant contends that he is the sole owner of the defendant One painting entitled, "*Nympheas avec Reflets de Hautes Herbes*", and has maintained continuous and sole ownership of that painting since acquiring the artwork on or about February 5, 2013 at auction (at Sothebys London). Claimant's contentions and absolute defense are supported by documentary evidence, demonstrating that the subject property at no time was one in which ownership or control in whole or in part was in anyone other than claimant. Accordingly, it is not subject to forfeiture herein. The subject painting is not traceable to any transactions alleged to have been unlawful herein.

B.   BASIS FOR SUBJECT MATTER JURISDICTION

The basis for subject matter jurisdiction is 18 U.S.C. §§ 1345 and 1355.

C.   LEGAL ISSUES

The government alleges the Defendant Assets are property that constitutes, and are derived from, proceeds traceable to one or more violations of: (i) a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); (ii) fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); (iii) wire fraud (18 U.S.C. § 1343); and/or (iv) international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), each of which is a specified unlawful activity under 18 U.S.C. §§ 1956(c)(7)(A), 1956(c)(7)(B)(iv) and 1956(c)(7)(D), and a conspiracy to commit such offenses.

The government further alleges that the Defendant Assets were involved in and are traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activities, that is: (i) a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); (ii) fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); (iii) wire fraud (18 U.S.C. § 1343); and/or (iv) international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315) in violation of section 18 U.S.C. § 1957 and a conspiracy to commit such offenses in violation of section 18 U.S.C. § 1956(h).

The government further alleges that the Defendant Assets were involved in and are traceable to property involved in one or more

financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions involving the proceeds of specified unlawful activity, that is: (i) a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); (ii) fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); (iii) wire fraud (18 U.S.C. § 1343); and/or (iv) international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), and were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activities in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

The government further alleges Defendant Assets were involved in, and is traceable to property involved in, one or more transactions or attempted transactions in violation of section 18 U.S.C. § 1956(a)(2)(B) and a conspiracy to commit such offenses in violation of section 18 U.S.C. § 1956(h).  Specifically, the Defendant Assets were involved in and are traceable to funds that were and were attempted to be, transported, transmitted, or transferred, and a conspiracy to transport, transmit, or transfer, to a place in the United States from or through a place outside the United States, with the knowledge that the funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowledge that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful

activities, that is: (i) a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); (ii) fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); (iii) wire fraud (18 U.S.C. § 1343); and/or (iv) international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315).

   D.   PARTIES, EVIDENCE, ETC.

   The parties in the case are plaintiff United States of America and claimant Davide Nahmad.  The government's percipient witnesses include the law enforcement and other government agents involved in the investigation of the alleged misappropriation of public funds by or for the benefit of a public official, fraud by or against a foreign bank, wire fraud, international transportation or receipt of stolen or fraudulently obtained property, receipt of stolen money, financial transactions, attempted transactions and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value great than $10,0000 that was derived from specified unlawful activates, financial transactions, attempted transactions and a conspiracy to conduct or attempt to conduct such transactions designed in whole or in part to conceal or disguise the nature, the location the source, the ownership or the control of the proceeds of the specified unlawful activities, and funds that were and were attempted to be, transported, transmitted, or transferred, and a conspiracy to transport, transmit, or transfer, to a place in the United States from or through a place outside the United States, with the knowledge that the funds involved in the transportation, transmission, or transfer represented the proceeds of some form of

unlawful activity and knowledge that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activities.

Claimant's percipient witnesses include the parties, representatives of their entities and other law enforcement personnel and government officials.

### E. DAMAGES

Damages are not involved in this case. This is an in rem civil forfeiture case, in which the government seeks to forfeit the defendant real properties.

### F. INSURANCE

Not applicable.

### G. MAGISTRATE JUDGE

The parties do not consent to a mutually agreeable magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.

### H. DISCOVERY PLAN

1. Claimant has continuously provided preliminary discovery to the government since September of 2016 to date, and will provide additional information and preliminary discovery to the government in February 2017. The parties have scheduled a further conference call for February 16, 2017 to provide further, additional information requested by the government. This information includes, among other things, information in Claimant's possession regarding the defendant One painting entitled "*Nympheas avec Reflets de Hautes Herbes*." The parties are also in on-going discussions to explore the possibility of resolving Claimant's Claim amicably and without further

litigation.  Accordingly, the parties on January 18, 2017, filed a Joint Stipulation to Continue the Scheduling Conference, requesting that the Court continue the scheduling conference to February 27, 2017, in order to engage in further discovery and to provide the parties with additional time to further explore the possibility of resolving Claimant's Claim.

2.   If this action proceeds to full merits discovery, the parties do not believe that any changes should be made to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a). This forfeiture matter is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(B)(ii).  The government intends to serve special interrogatories, requests for admissions, Rule 33 interrogatories and requests for production of documents, and to depose the claimant as well as other fact witnesses.  Claimant also intends to serve written discovery.

2.   Other than what has been described in paragraph 1, the parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues.

3.   The parties do not believe that changes should be made in the limitations, or that other limitations should be imposed, on the discovery imposed under the Federal Rules of Civil Procedure or the Local Rules.

4.   All parties may file motions for summary judgment and/or summary adjudication.

I.   MOTIONS

The parties do not anticipate filing motions seeking to add other parties, file amended pleadings, or transfer venue.

However, as noted above in Section C, the parties are engaging in on-going discussions to explore the possibility of resolving Claimant's claim to the defendant One painting entitled "*Nympheas avec Reflets de Hautes Herbes*" amicably and without further use of judicial resources.

J.   CLASS CERTIFICATION

Filing a class certification is not applicable.

K.   DISPOSITIVE MOTIONS

Upon the conclusion of discovery, the parties may file motions for summary judgment.

L.   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties have discussed settlement and will continue to do so.

M.   DATES

Please see attachment "A".

N.   TRIAL ESTIMATE

Claimant has not requested a jury trial, so this case will be tried before the Court.  The parties estimate that the trial of this matter will take 3-5 court days.

O.   TRIAL COUNSEL

Assistant United States Attorneys John Kucera and Christen A. Sproule and Woo S. Lee and Kyle Freeny of the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section will try this case on behalf of the government. Richard Golub and Edward Kratt will try this case on behalf of claimant.

/ / /

/ / /

P.   INDEPENDENT EXPERT OR MASTER

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

DATED: March 17, 2017                Respectfully submitted,

                                       DEBORAH CONNOR
                                       Acting Chief, AFMLS

                                       SANDRA R. BROWN
                                       Acting United States Attorney

                                          /s/Woo Lee
                                       JOHN J. KUCERA
                                       CHRISTEN A. SPROULE
                                       Assistant United States Attorneys

                                       WOO S. LEE
                                       Deputy Chief, AFMLS
                                       KYLE R. FREENY
                                       Trial Attorney, AFMLS

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

DATED: March 17, 2017                /s/(per confirmation)
                                       EDWARD KRATT, ESQ.
                                       Edward M. Kratt PC

                                       Attorney for Claimant
                                       DAVIDE NAHMAD