MARGARET A. MOESER, Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER
Chief, International Unit
BARBARA Y. LEVY, Trial Attorney
SEAN M. FERN, Trial Attorney
Criminal Division
United States Department of Justice
   1400 New York Avenue, N.W., 10th Floor
   Washington, D.C. 20530
   Telephone: (202) 353-9759
   Email:  Barbara.Levy@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
   312 North Spring Street, 14th Floor
   Los Angeles, California 90012
   Telephone:  (213) 894-6166
   Email: jonathan.galatzan@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>ONE PEN AND INK DRAWING BY VINCENT VAN GOGH TITLED "LA MAISON DE VINCENT A ARLES"; ONE PAINTING BY CLAUDE MONET TITLED "SAINT-GEORGES MAJEUR"; ONE PAINTING BY CLAUDE MONET TITLED "NYMPHEAS AVEC REFLETS DE HAUTES HERBES"; AND €25,227,025.83 IN FUNDS HELD IN AN ESCROW ACCOUNT AT UBS, S.A.,<br><br>        Defendants *in rem*. | No. 2:16-CV-5366-DSF (BFMx)<br><br>**GOVERNMENT'S APPLICATION FOR CONSENT JUDGMENT OF FORFEITURE** |

Plaintiff United States of America (the "Government"), by and through its respective undersigned counsel, respectfully requests that the Court enter the [Proposed] Consent Judgment of

1

Forfeiture lodged contemporaneously herewith. In support thereof, the Government states as follows:

## I. BACKGROUND

1. On July 20, 2016, the Government initiated the present action (the "Action") alleging that the defendant assets: One Pen and Ink Drawing by Vincent Van Gogh Entitled "La Maison de Vincent a Arles" ("Van Gogh Drawing"); One Painting by Claude Monet Entitled "Saint-Georges Majeur" ("Saint-Georges Painting"); and One Painting by Claude Monet Entitled "Nympheas avec Reflets de Hautes Herbes" ("Grand Nympheas Painting", and together with the Van Gogh Drawing and the Saint-Georges Painting, the "Original Defendant Assets"), are subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981 (a)(1)(C). (DN 1.)

2. The government filed an amended complaint (the "Amended Complaint") on August 8, 2016, alleging that an additional asset, €25,227,025.83 held in an escrow account at UBS, S.A. in Switzerland (the "Escrow Account", and together with the Original Defendant Assets, the "FAC Defendant Assets"), constituting the sale proceeds of a painting by Claude Monet titled "Nympheas", was also subject to forfeiture in this Action pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981 (a)(1)(C).  (DN 14.)  The government gave notice of this Action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.

3. On October 19, 2016, claimant Davide Nahmad filed a claim to the Grand Nympheas Painting. (DN 33.) On May 26,

2017, the United States dismissed the Grand Nympheas Painting from this Action. (DN 53.) No other claims were filed to any of the remaining FAC Defendant Assets – specifically, the Van Gogh Drawing, the Saint-Georges Painting, and the Escrow Account (collectively, the "Remaining FAC Defendant Assets"), and the time for filing claims has expired. On May 30, 2017, a Default by Clerk was issued as to the Remaining FAC Defendant Assets. (DN 59-16.)

4. On August 30, 2017, the United States filed a motion for default judgment (the "Default Motion") against the Remaining FAC Defendant Assets. (DN 59.) On September 17, 2017, claimants in certain related cases (collectively, the "Related Cases") filed an opposition to the Default Motion. (DN 64.) After briefing, the Court denied the Default Motion, addressing, among other things, the potential impact that an entry of default could have on claimants and the possibility that default judgment could lead to inconsistent judgments in the related, pending Related Cases. (*See* DN 66.)

5. On or about June 4, 2024, the United States entered into a settlement agreement (the "2024 Settlement Agreement") with Low – the individual believed to own the Remaining FAC Defendant Assets – as well as certain members of Low's family, and certain entities authorized by a New Zealand-based trust to administer assets for the benefit of Low and his family members (collectively, the "Low Parties") in related case *United States v. Real Property Located in Paris, France Titled in the Name of Ave Raphael (Paris) SCI*, 20-CV-5911-DSF-BFMx (DN 81-1). Under the terms of the 2024 Settlement Agreement, the Low Parties

agreed to, among other things, (1) waive and relinquish any present or potential interests in, rights over, or claims to assets including the Remaining FAC Defendant Assets in this Action and other actions listed in Appendix B to the 2024 Settlement Agreement (collectively, the "Appendix B Assets"), and (2) consent to the forfeiture of the Appendix B Assets before this Court.  (*Id.* at 2.)  The Low Parties further agreed that, for the purposes of consenting to the forfeiture of the Appendix B Assets, the Court has jurisdiction over this, and other actions listed in Appendix B.  (*Id.*)  Additionally, the Low Parties agreed that, if assumed to be true, the allegations set forth in the complaints for the actions listed in Appendix B – including this Action – are sufficient to establish a basis for the forfeiture of the Appendix B Assets.  (*Id.*)

## II.   RELIEF REQUESTED

6.   Given the express language of the 2024 Settlement Agreement, there can be no dispute that the Low Parties – including Low, who is believed to be the sole beneficial owner of the Remaining FAC Defendant Assets – have consented to their forfeiture.  "A court can only decipher the parties' intent based on the face of the stipulation." *Kapusta v. Gale Corp.*, 457 F. Supp. 2d 1051, 1060 (E.D. Cal. 2006); *see also Gamble v. Boyd Gaming Corp.*, 2014 WL 1331034, at *2 (D. Nev. Apr. 1, 2014) (finding the parties' intent clear from the parties' stipulation and the court's order entering the stipulation).

7.   Additionally, since the Government filed the initial Verified Complaint *In Rem* in this action approximately eight (8) years ago, and provided notice required under Rule G, no claims

4

have been filed for any of the Remaining FAC Defendant Assets, and the time for doing so has expired.  Moreover, no party has come forward requesting leave to file a late claim, and a Default by Clerk has been entered.  The known beneficial owner of the Remaining FAC Defendant Assets agrees that, if assumed to be true, the allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Remaining FAC Defendant Assets.  Accordingly, entry of the [Proposed] Consent Judgment of Forfeiture will resolve all potential claims to the Remaining FAC Defendant Assets and is dispositive of this action.

8.   Nothing in this Application or [Proposed] Consent Judgment constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Remaining FAC Defendant Assets.

### III. CONCLUSION

9.   For the foregoing reasons, the Government respectfully requests that the Court enter the [Proposed] Consent Judgment of Forfeiture lodged herewith.

DATED: July 17, 2024

Respectfully submitted,

MARGARET A. MOESER
Chief, Money Laundering and
Asset Recovery Section (MLARS)

*/s/ Barbara Levy*
BARBARA Y. LEVY
SEAN M. FERN
Trial Attorneys, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA