JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                ) No. 2:16-CV-5366-DSF (BFMx)
                                         )
                 Plaintiff,              ) **CONSENT JUDGMENT OF FORFEITURE**
                                         )
              v.                         )
                                         )
ONE PEN AND INK DRAWING BY               )
VINCENT VAN GOGH TITLED "LA              )
MAISON DE VINCENT A ARLES";              )
ONE PAINTING BY CLAUDE MONET             )
TITLED "SAINT-GEORGES MAJEUR";           )
ONE PAINTING BY CLAUDE MONET             )
TITLED "NYMPHEAS AVEC REFLETS            )
DE HAUTES HERBES"; AND                   )
€25,227,025.83 IN FUNDS HELD             )
IN AN ESCROW ACCOUNT AT UBS,             )
S.A.,                                    )

                 Defendants *in rem*.
────────────────────────────────

## I.   INTRODUCTION

1.   Plaintiff United States of America (the "Government") has

made an Application (the "Application") for the entry of this Consent

Judgment, which is dispositive of this action.

2.   The present action was commenced on July 20, 2016, against:

One Pen and Ink Drawing by Vincent Van Gogh Entitled "La Maison de

Vincent a Arles" ("Van Gogh Drawing"); One Painting by Claude Monet

Entitled "Saint-Georges Majeur" ("Saint-Georges Painting"); and One Painting by Claude Monet Entitled "Nympheas avec Reflets de Hautes Herbes" ("Grand Nympheas Painting", and together with the Van Gogh Drawing and the Saint-Georges Painting, the "Original Defendant Assets").  An amended complaint was filed on August 8, 2016, to add €25,227,025.83 held in an escrow account at UBS, S.A. in Switzerland (the "Escrow Account", and together with the Original Defendant Assets, the "FAC Defendant Assets").

3.    On October 19, 2016, claimant Davide Nahmad filed a claim to the Grand Nympheas Painting.  (DN 33.)  On May 26, 2017, the United States dismissed the Grand Nympheas Painting from this Action.  (DN 53.)  No other claims were filed to any of the other FAC Defendant Assets, and the time for filing claims has expired.  On May 30, 2017, a Default by Clerk was issued as to the remaining FAC Defendant Assets, specifically, the Van Gogh Drawing, the Saint-Georges Painting, and the Escrow Account (collectively, the "Remaining FAC Defendant Assets").  (DN 59-16.)

4.    The United States has entered into an agreement (the "2024 Settlement Agreement") with Low Taek Jho ("Low"), certain members of Low's family, and certain entities authorized by a New Zealand-based trust to administer assets for the benefit of Low and his family members (collectively, the "Low Parties"), in related case *United States v. Real Property Located in Paris, France Titled in the Name of Ave Raphael (Paris) SCI*, 20-CV-5911-DSF-BFMx (DN 81-1).  Under the terms of the 2024 Settlement Agreement, the Low Parties agreed to, among other things, (1) waive and relinquish any present or potential interests in, rights over, or claims to assets including the Remaining FAC Defendant Assets in this Action and other actions

listed in Appendix B to the 2024 Settlement Agreement (collectively, the "Appendix B Assets"), and (2) consent to the forfeiture of the Appendix B Assets before this Court.  (*Id.* at 2.)  The Low Parties further agreed that, for the purposes of consenting to the forfeiture of the Appendix B Assets, the Court has jurisdiction over this, and other actions listed in Appendix B.  (*Id.*)  Additionally, the Low Parties agreed that, if assumed to be true, the allegations set forth in the complaints for the actions listed in Appendix B are sufficient to establish a basis for the forfeiture of the Appendix B Assets.  (*Id.*)

## II.  FINDINGS

5.    The Court, having considered the Application and the 2024 Settlement Agreement, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES, AND DECREES:

6.    For purposes of this Consent Judgment, this Court has jurisdiction over this action.  The government gave notice of this action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.  No claims to the Remaining FAC Defendant Assets were filed, the time for filing claims has expired, and no potential claimant has moved for leave to file a late claim. Entry of this Consent Judgment will resolve all claims of all potential claimants with respect to the Remaining FAC Defendant Assets and is dispositive of this action.  If assumed to be true, as the parties have stipulated, the allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Remaining FAC Defendant Assets.  Nothing in this Consent Judgment constitutes a

1  waiver or release by the government of criminal claims, except for

2  the asset forfeiture claims related to the Remaining FAC Defendant

3  Assets.

4      7.   Upon entry of this Consent Judgment, all right, title and

5  interest of any potential claimant in and to the Van Gogh Drawing,

6  the Saint-Georges Painting, and the Escrow Account, shall be

7  forfeited to the United States, and no other right, title, or

8  interest shall exist therein, unless otherwise provided in this

9  Consent Judgment.  The government shall dispose of the Remaining FAC

10 Defendant Assets according to law.

11     8.   The Court shall retain jurisdiction with respect to all

12 matters arising from or related to the implementation or

13 interpretation of this Consent Judgment of Forfeiture.

14

       IT IS SO ORDERED.

15

16

DATED:    July 22, 2024

17                                 HON. DALE S. FISCHER
                                   UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28